UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JACK WADE WARREN**  **REG. # 13477-077** | : | **DOCKET NO. 2:22-cv-1173**  **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WAREN MA'AT, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Jack Wade Warren. Warren is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

Warren filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 2, 2022. Doc. 1. As the petition was not filed on the proper form, Petitioner was ordered to amend (doc. 4); he did so on June 3, 2022 (doc. 5).

In this matter, Warren challenges a warrant that was issued by the US Parole Commission (USPC), and placed in his inmate file in 1999. Doc. 5, p. 2. He alleges that the warrant was defective, and a corrected warrant was issued "after expiration." *Id*.

Petitioner previously challenged the same warrant, on the same grounds, in this Court. His previous § 2241 petition was denied on the merits. *Warren v. Myers*, No. 2:20-cv-1277, 2021 U.S. Dist. LEXIS 48738 (W.D. La. Jan. 25, 2021).

## II.
## LAW & ANALYSIS

In this case, Petitioner's claims are barred by the doctrine of res judicata. Under res judicata, a prior judgment bars a subsequent action where: (1) the parties are the same in both suits; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same cause of action was involved in both cases. *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983). Further, the doctrine of res judicata "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication." *Id.* at 561 (citing *Allen v. McCurry*, 449 U.S. 90, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980)).

Here, the parties are identical. Petitioner's previous § 2241 petition named the previous warden of FCIO and the US Parole Commission, and his current petition names the current warden of FCIO, and the US Parole Commission. In both cases, however, Petitioner challenges the actions taken by the United States Parole Commission. The prior judgment was rendered by this Court, a court of competent jurisdiction. The prior case involved a final decision on the merits. Finally, both the prior case and this petition involve the same cause of action. Petitioner challenges the warrant placed in his inmate file in 1999. The two petitions involve "the same nucleus of operative facts." *Agrilectric Power Partners, Ltd., v. General Electric Co.*, 20 F.3d 663, 665 (5th Cir. 1994).

Petitioner's claims are barred by res judicata and should be dismissed.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 5th day of August, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE